UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDY A. LEAGUE,

    Plaintiff,

v.                                            CASE NO: 8:10-cv-2311-T-26TGW

UNITED STATES OF AMERICA and
ACE SERVICES OF NC, INC.,

    Defendants.
                                           /

**O R D E R**

        The United States has filed a factual motion to dismiss Plaintiff's amended complaint, filed pursuant to the Federal Torts Claims Act, for lack of subject matter jurisdiction. It contends that this Court lacks such jurisdiction to consider the merits of Plaintiff's claim that the United States negligently maintained the premises of the MacDill Air Force Commissary ("the Commissary") on November 2, 2008, causing Plaintiff to slip and fall on spilled milk, by virtue of the fact that "no governmental employee or agent of the United States caused Plaintiff's alleged injuries." The United States argues in that regard that it contracted with Defendant ACE Services of NC, Inc. ("ACE"), an independent contractor, to provide custodial services at the Commissary and that the United States had no day-to-day control over the activities of ACE. The United States concludes, therefore, that because ACE is not its agent or employee it cannot be held liable for the negligence of ACE, if any, for not properly maintaining the premises of the Commissary.

Case 8:10-cv-02311-RAL-TGW   Document 14   Filed 01/04/11   Page 2 of 3 PageID 248

Plaintiff, in her response, does not dispute the fact that ACE is an independent contractor. She argues, nevertheless, that the United States had a nondelegable duty under Florida law to maintain the Commissary's premises in a reasonably safe condition.[1]  Plaintiff's argument has merit.

As Plaintiff correctly points out in the Florida cases she cites and discusses, the law in Florida imposes a nondelegable duty on the owner of business premises to maintain those premises in a reasonably safe condition and that an owner cannot escape liability by hiring an independent contractor to perform that nondelegable duty.  In view of this law, which the Court must follow, it would be manifest error to grant the United States' motion under controlling Eleventh Circuit precedent.  See Griffin v. United States, 637 F.2d 308 (5th Cir. 1981) (relying on Florida law in reversing district court's dismissal of complaint for lack of subject matter jurisdiction in which Plaintiff alleged United States was negligent in the maintenance of a vacant lot despite the fact that United States had contracted with a third party for the maintenance of the property);[2] Emelwon v. United States, 391 F.2d 9, 11 (5th Cir. 1968) (reversing grant of directed verdict in favor of the United States based on Florida's recognition of "the principle that one who employs an independent contractor to engage in certain types of activities has a nondelegable duty to see to it that the independent contractor carries out his task in a non-negligent manner.").

---

[1]  As the Eleventh Circuit Court of Appeals recently observed, "[i]n actions brought under the Federal Tort Claims Act, liability is determined under the law of the state in which the alleged negligence occurred." Ortiz v. United States, 353 Fed.Appx. 412, 414-15 (11th Cir. 2009) (citations omitted).

[2]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.

Accordingly, the United States of America's Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (Dkt. 10) is denied. The United States shall file its answer and defenses to Plaintiff's amended complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on January 4, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record